IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MELVIN GARCIA,

        Petitioner,

vs.                                       No. CIV 07-719 BB/LFG

ROBERT ULIBARRI, Warden,
and GARY K. KING, Attorney General
of the State of New Mexico,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

### Findings

    1. This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 26, 2007. Petitioner Melvin Garcia ("Garcia") challenges the Amended Judgment and Sentence entered on December 27, 2006 by the Eleventh Judicial District Court in State v. Garcia, No. D-1116-CR-200600506-6 (County of San Juan, New Mexico).[2]

    2. Garcia was convicted upon a jury verdict of Driving Under the Influence of Intoxicating Liquor or Drugs. The court found this to be "at least a seventh DWI conviction" since 1984, and

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The Amended Judgment and Sentence of December 27, 2006 superseded the original Judgment and Sentence, entered November 20, 2006. [Doc. 7, Exs. A, C].

Garcia was sentenced to three years' incarceration, with two years mandatory parole. [Doc. 7, Ex. C].

3. Garcia appealed his conviction, raising the sole issue of whether the State presented sufficient evidence for conviction of Driving While Intoxicated. [Doc. 7, Ex. D]. The New Mexico Court of Appeals affirmed the conviction on May 11, 2007. [Doc. 7, Ex. G]. The New Mexico Supreme Court denied Garcia's petition for writ of certiorari on June 26, 2007. [Doc. 7, Exs. H, I].

4. Garcia did not file a petition for habeas corpus with the courts of the State of New Mexico. He filed his federal habeas petition on July 26, 2007. In his federal petition, he argues ineffective assistance of counsel, as follows: "(A) Ineffective cross examination of State's witnesses. (B) Not producing Defendant's witnesses. (C) Conviction obtained by use of coerced confession (confession of Defendant while under influence of alcohol)." [Doc. 1, at 6].

5. The issues raised in Garcia's federal petition have not been presented to the state's highest court; indeed, they have not been presented to any court at the state level. The claims are therefore unexhausted in their entirety. Garcia still has available to him the state habeas corpus procedure set forth in Rule 5-802 N.M.R.A.. The Court will therefore dismiss this petition without prejudice to allow Garcia to pursue his state habeas remedies.

6. A federal court may consider a petition for writ of habeas corpus only after the petitioner first presents his claims to a state court and exhausts his state remedies, unless "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1). The exhaustion requirement is satisfied if the issues raised in the federal petition have been properly presented to the highest state court, either by direct review of the conviction, or in a post-conviction attack. Dever v. Kansas State

Penitentiary, 36 F.3d 1531, 1534 (10th Cir 1994).

7.  In this case, Garcia did not raise the ineffective assistance of counsel in his direct appeal, nor did he file a state habeas petition.  The issue has, therefore, not been presented to the highest state court.  He does not assert, and the record does not indicate, that effective state corrective process is unavailable to him.

8.  "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982).

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose v. Lundy, *supra*, 455 U.S. at 518.  This exhaustion requirement is based on the principle that state courts should be given the first opportunity to pass on claims of constitutional violation, as well as on the practical consideration that federal claims that have been fully exhausted in the state courts are likely to be accompanied by a fuller factual record, which aids the federal courts in their review. Id., at 519.

9.  As was true in United States v. Hickman, 191 Fed. Appx. 756 (10th Cir. 2006), "given that the claims are entirely unexhausted, the § 2254 petition should be dismissed without prejudice" to allow petitioner to present his claims of constitutional violations to the state courts.  Garcia is advised that, if he wishes to return to federal court after his state remedies have run their course, the federal

3

habeas corpus statute contains a one-year statute of limitations.  28 U.S.C. § 2244(d)(1).  However, the limitations period is tolled for any period during which a properly application for habeas relief is pending in the state court.  28 U.S.C. § 2244(d)(2).

### **Recommended Disposition**

That Garcia's petition be dismissed without prejudice to allow him to pursue his state habeas remedies.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge